and not too remote in time, and the evidence was sufficient to support a finding that Hu committed them. *See United States v. DeCinces,* 808 F.3d 785, 791 (9th Cir.2015). The district court's admission of the testimony over Hu's objections reflects that it performed the balancing required by Rule 403. *See United States v. Lillard,* 354 F.3d 850, 855 (9th Cir.2003). Additionally, the limiting instruction minimized any prejudice. *See Flores–Blanco,* 623 F.3d at 920.

2. The case agent's opinion testimony is not a basis for reversal. The agent's testimony was simple lay testimony based on his tracing of the funds. The district court did not plainly err by failing to *sua sponte* convert Hu's objection to an objection under Federal Rule of Evidence 701. In any event, any error was harmless because Hu's counsel exposed the weaknesses of the agent's testimony on cross-examination, and the other evidence against Hu was substantial.

3. The materiality instruction is also not a basis for reversal. The materiality standard from *Neder v. United States,* 527 U.S. 1, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999), is an objective standard that focuses on "the intrinsic capabilities of the false statement itself, rather than the possibility of the actual attainment of its end." *United States v. Peterson,* 538 F.3d 1064, 1072 (9th Cir.2008) (internal quotation marks omitted). The district court did not misinstruct the jury or abuse its discretion by formulating the instruction as it did.

4. The district court correctly applied the abuse-of-trust enhancement under § 3B1.3 of the U.S. Sentencing Guidelines. Based on Hu's false representations, his victims entrusted him with substantial discretion, which significantly facilitated his commission of the offense. *See* U.S.S.G. § 3B1.3 & cmts. 1 & 3; *United States v. Laurienti,* 731 F.3d 967, 973–74 (9th Cir. 2013). "The position need not be that of a fiduciary." *United States v. Thornton,* 511 F.3d 1221, 1227 (9th Cir.2008).

**AFFIRMED.**

UNITED STATES of America,
Plaintiff–Appellee,

v.

Timothy James PULLIAM,
Defendant–Appellant.

No. 15–30015.

United States Court of Appeals,
Ninth Circuit.

Submitted Feb. 1, 2016.*

Filed Feb. 4, 2016.

Chad Spraker, Assistant U.S., USHE–Office of the U.S. Attorney, Helena, MT, Leif Johnson, Assistant U.S., USBI–Office of the U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Philip H. Stillman, Esq., Stillman & Associates, Miami Beach, FL, for Defendant–Appellant.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

*See* Fed. R.App. P. 34(a)(2).

Before: KOZINSKI and O'SCANNLAIN, Circuit Judges, and ORRICK,** District Judge.

## MEMORANDUM ***

**AFFIRMED** for the reasons stated by the district court.

**Neal Wayne CAPLINGER, Plaintiff–Appellant,**

v.

**CORRECTIONS CORPORATION OF AMERICA; Timothy Wengler; Thomas Kessler; Acel K. Thacker; Dan Lambert; David Agler, Defendants–Appellees.**

No. 14–35190.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 2, 2016.*

Filed Feb. 4, 2016.

Aaron J. Tribble, Eagle, ID, for Plaintiff–Appellant.

Kirtlan G. Naylor, General, Tyler D. Williams, Naylor & Hales, P.C., Boise, ID, for Defendants–Appellees.

** The Honorable William Horsley Orrick III, District Judge for the U.S. District Court for the Northern District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

Before: KOZINSKI, O'SCANNLAIN, and GOULD, Circuit Judges.

## MEMORANDUM **

Inmate Neal Caplinger appeals from the district court's grant of summary judgment to Dr. David Agler and Corrections Corporation of America ("CCA") on his 42 U.S.C. § 1983 claim. The facts of this case are known to the parties, and we do not repeat them here. We have jurisdiction under 28 U.S.C. § 1291.

I

To establish a claim of deliberate indifference, Caplinger must establish that Dr. Agler "kn[ew] of and disregard[ed] an excessive risk to inmate health and safety." *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir.2004) (quoting *Gibson v. County of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)). On this record, no reasonable jury could conclude that Dr. Agler possessed such a mental state. Caplinger argues Dr. Agler should have done more to expedite his treatment. But "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). Summary judgment was proper.

II

The district court was also correct in granting summary judgment as to Ca-

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.